Opinion of the Court.
THE plaintiffs in error, having obtained a decree on a contract with Myers for the conveyance of ■ land which the defendants in error held under Myers, commissioners were appointed, at the instance of the defendants in error, to assess the value of their improvements; and for the amount reported in their favor, the court entered for the defendants in error, against the plaintiffs, a final decree. At a subsequent term, the court, on the motion of .'the defendants, further decreed and ordered, that unless the plaintiffs in error, on or before a day therein appointed, should pay to the defendants the several sums decreed to them, respectively, and their costs,, the land decreed to be conveyed to the plaintiffs in error should be sold, and appointed commissioners for that purpose; and to that decree the plaintiffs in error have prosecuted this writ of error.
*296 Tlie decree, we think* cannot be sustained. The grounds upon which the record states the circuit court proceeded in making the further decree, are, that it appeared from the return of the executions which had issued upon the first decree, that the plaintiffs in error had no estate subject to be taken and sold under execution ; that they were non-residents, and not subject to process of contempt, and had failed to take anj steps to procure a conveyance of the land decreed to them. Whether these grounds would be sufficient to authorise such i, decree as the one in question, upon a bill filed for the purpose of subjecting the land tobe sold in satisfaction of the former decree for the improvements, it is not necessary nor proper that we should now decide; for it is perfectly clear, that such a decree cannot regularly be made in the summary mode adopted in this case, on motion, ex parte, and without a bill filed for the purpose. When a final decree is once given and enrolled, and the term has past at which it was done, the decree, if defective or erroneous, can only be altered or reversed by the same court, on a bill of review filed for that purpose; or if it becomes impracticable, by subsequent events, to be carried into execution without some further decree of the court, such further decree can only be rendered upon supplemental or other bill filed with that ■view.
■ The decree of the circuit court subjecting the land to be sold, and all the proceedings consequent upon that decree, must be reversed, annulled and set aside, and the plaintiffs in error must recover their costs of thin writ of error.